## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MEGAMEN MOVING & STORAGE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 24-cv-10259-RGS |
| | ) | |
| MEGA MAN MOVING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S EMERGENCY MOTION FOR *EX PARTE* RELIEF OR, IN THE ALTERNATIVE, FOR AN EXPEDITED HEARING

Plaintiff Megamen Moving & Storage, LLC ("Megamen") moves on an emergency basis for an *ex parte* temporary restraining order providing that pending a hearing on this matter Defendant Mega Man Moving LLC ("Mega Man"), including, without limitation, its officers, agents, and employees, (i) shall not cause any reviews to be posted online relating to Megamen, (ii) shall immediately cause the recently posted reviews claiming to be from "Sonia Lipa" and "Keya Oliva" to be deleted. Megamen is seeking this relief on an emergency and *ex parte* basis because in response to service of this lawsuit the principal of Mega Man has resorted to self-help tactics, including seeking to leverage the threat of fake, negative reviews of Megamen to coerce Megamen into dismissing this lawsuit. Megamen has sound basis for concern that if Mega Man learns of this motion before the Court acts, Mega Man will undertake further unlawful action.

In response to service of the complaint and other pleadings, Mega Man (i) threatened Megamen that "it's going to get bad" and to "pay attention in the next few days and you'll be sorry," (ii) has caused multiple extremely negative reviews to be posted and then (iii) minutes

later texted Megamen's principal stating he could "clean up" that bad review issue and wanted to work with Megamen but "it's up to you." In other words, Mega Man is seeking to black mail Megamen to dismiss this lawsuit. In the alternative, Megamen requests that the Court schedule a hearing to address the relief sought here at its earliest convenience. In further support of this motion, Megamen respectfully incorporates by references its Memorandum of Law in Support of Motion for Preliminary Injunction, ECF No. 3, and further states as follows:

1. Megamen effected service upon Mega Man on February 1, 2024, including via in-hand service upon the Owner of Mega Man, Anthony Coviello ("Mr. Coviello"), who may also identify himself as "Tony Valentine." ECF No. 7.

2. On February 5, 2024, Mr. Coviello called the principal of Megamen, Matthew Analetto ("Mr. Analetto"). Affidavit of Matthew Analetto, ¶3. Shortly thereafter, in the early evening of February 5, 2024 Mr. Analetto returned that call. During the call, Mr. Coviello immediately started threatening Mr. Analetto. Id. Mr. Coviello said "it's going to get bad for you" if Mr. Analetto pressed forward with the lawsuit. Mr. Coviello continued, "just pay attention in the next few days and you'll be sorry." Id.

3. At 5:51 PM, less than thirty minutes after Mr. Coviello threatened Mr. Analetto, a new one-star review appeared on Megamen's Google Reviews page by a person claiming to be named Sonia Lipa. Id. ¶4, Exhibit A. The review falsely claimed that Mr. Analetto overcharged and "HELD MY PROPERTY HOSTAGE" until "Sonia Lipa" paid an exorbitant rate. Id. Megamen has never had a customer named or identified as Sonia Lipa and has never undertaken the alleged conduct described in the review. Id. ¶4. Soon after, another one-star review appeared on Megamen's Google Reviews page from someone claiming to be named "Keya Oliva," who

has never been a Megamen customer. Id. at Exhibit B, ¶4. That person falsely claimed that Megamen "took my deposit and never even showed up." Id.

4.      Immediately after the "Sonia Lipa" review appeared, Mr. Coviello texted Mr. Analetto to "offer my help with your reviews" because "[i]t's amazing how much business we lose with just one bad review." Id. ¶5, Exhibit C. He claimed, "[w]e would do a lot better working together instead of against. I could send you as [sic] lot of jobs Matt and not try to fuck each other over but it's up to you." Id.  Mr. Analetto responded, "No thanks." Id.

5.      Negative online reviews are extremely harmful to companies in the moving business, where it is the practice of almost every potential customer to check online reviews before making a decision to hire a business. Id. ¶6. The moving industry is very competitive, such that potential customers often decide not to hire a company if there are particularly negative reviews. Id.

6.       Mega Man appears to recognize that any defense it may seek to muster is untenable and has resorted to unlawful self-help tactics to seek to bully Megamen into dismissing the lawsuit.

7.      The process before this Court will determine the rights of the parties, not the unlawful, extortionate conduct of Mega Man.

WHEREFORE, Megamen respectfully requests that the Court order that Defendant Mega Man Moving LLC, including, without limitation, its officers, agents, and employees, (i) shall not cause any reviews to be posted online relating to Megamen, (ii) shall immediately cause the recently posted reviews claiming to be from "Sonia Lipa" and "Keya Oliva" to be deleted.

Respectfully submitted,

MEGAMEN MOVING &
STORAGE, LLC

By its attorneys,

*/s/ Benjamin J. Wish*
Benjamin J. Wish (BBO# 672743)
*bwish@toddweld.com*
Maria T. Davis (BBO # 675447)
*mdavis@toddweld.com*
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel: (617) 720-2626
Fax: (617) 227-5777

Dated: February 6, 2024